**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **GUILLERMO SUAREZ AVILA**[1] | § | |
| **#646411** | § | |
| | § | |
| **V.** | § | **A-22-CV-044-RP** |
| | § | |
| **HAYS COUNTY JAIL and** | § | |
| **HAYS COUNTY** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Guillermo Suarez Avila's complaint. Avila, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*.

### I. STATEMENT OF THE CASE

At the time he filed his complaint, Avila was confined in the Comal County Jail. Guillermo Suarez-Avila is charged in Hays County with six counts of aggravated assault with a deadly weapon in Case No. CR-21-3830-C, unlawful carrying a weapon in Case No. 21-2635CR-2, possession of a controlled substance in Case No. PREFCR-21-3837-C, tampering with physical evidence with

---

[1] Avila is also known as Guillermo Suarez-Avila.

intent to impair in Case No. PREFCR-21-3836-C, and possession of a controlled substance in Case No. CR-20-3656-C.

Avila files his complaint pursuant to 42 U.S.C. § 1983 against the Hays County Jail and Hays County. Avila alleges he and two others were shooting on his property that is not in the city limits. He claims they were not shooting towards anyone and denies knowing the victims. Avila's complaint appears to relate to his pending charges for aggravated assault with a deadly weapon. He wishes to clear his name, drop the false charges, compensate him for lost time and wages, and pain and suffering.

## II. DISCUSSION

### A.    Legal Standard

According to 28 U.S.C. § 1915A(b)(1), the court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).  In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), the court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6).  These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

1.      Hays County Jail

The Hay County Jail is not a legal entity capable of being sued. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action); *Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding the Jefferson County Detention Center is not a legal entity subject to suit). Therefore, Avila fails to state a claim against the Hays County Jail.

2.     Hays County

A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id*; *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115 (1992). Thus, Hays County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986).

Avila fails to identify a policy, practice or custom of Hays County that caused a deprivation of his constitutional rights. Thus, his claims against Hays County fails.

**B.     *Habeas Corpus* Claims**

To the extent Avila seeks his immediate release, he must seek such relief in a petition for writ of *habeas corpus* after he exhausts his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is *habeas corpus* relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

The Court should not sever Avila's claims seeking *habeas corpus* relief from this action. Avila has already filed a petition for writ of *habeas corpus* in Cause No. A-22-CV-046-RP. Avila's claims seeking *habeas corpus* relief will be addressed in that case.

### III. CONCLUSION

Avila fails to state a claim upon which relief can be granted against the Hays County Jail or Hays County. To the extent he seeks *habeas corpus* relief Avila's claims will be addressed in Cause No. A-22-CV-046-RP.

### IV. RECOMMENDATION

It is therefore recommended that Avila's civil-rights complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Avila be warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this report and recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

### V. OBJECTIONS

Within 14 days after receipt of the report and recommendation, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained

within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

      **SIGNED** this 21st day of January 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE